IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Clyde Walton Patterson, | ) | C/A No. 7:05-3576-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      Petitioner Clyde Walton Patterson is a prisoner in the custody of the Federal Bureau of Prisons. He brings this action pursuant to 22 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Petitioner was indicted on July 22, 1997, for possession and conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On January 28, 1998, Petitioner was sentenced to two hundred and sixty-two months imprisonment and five years of supervised release. On December 23, 1998, Petitioner filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel because his trial counsel failed to file a notice of intent to appeal. On January 26, 1999, the court granted Petitioner's motion under § 2255, vacated Petitioner sentence, and re-sentenced Petitioner. Petitioner filed a timely appeal and also filed a motion pursuant to § 2255 pending his appeal. On May 31, 2000, on motion of the government pursuant to Fed. R. Crim. P. 35(b), the court entered an amended judgment reducing Petitioner's sentence to one-hundred sixty-eight months.

      On May 8, 2002, the court dismissed Petitioner's § 2255 motion with prejudice and granted the government's summary judgment motion. On December 2, 2002, the United States Court of

1

Appeals for the Fourth Circuit denied Petitioner's motion for a certificate of appealability and dismissed his appeal. Petitioner filed the instant action on December 17, 2005.

Petitioner previously filed a § 2255 motion challenging his January 26, 1999 sentence. See Patterson v. United States of America, C/A No. 7:98-3794. Petitioner also previously filed a § 2255 motion challenging his May 31, 2000 re-sentencing. See Patterson v. United States of America, C/A No. 7:00-2546. As such, the current petition, which once again challenges how Petitioner's career offender status was calculated, is successive. Petitioner cannot file another petition to vacate his sentence unless he first seeks leave from the appropriate court of appeals. See 28 U.S.C. § 2244.

For the reasons set forth above, the court declines to issue a certificate of appealability. The court reaches this decision because Petitioner has neither made a substantial showing of a denial of a constitutional right nor demonstrated that jurist of reason would find it debatable whether the district court was correct in its procedural ruling. See 28 U.S.C. § 2253(c)(2), Miller-El v. Cockrell, 537 U.S. 332, 349 (2003). Accordingly, the within petition is **dismissed without prejudice** as successive. A request for a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina
April 6, 2005

2